IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH ELASSAAD : CIVIL ACTION
:
v. :
: No. 05-2328
INDEPENDENCE AIR, INC., et al. :

## MEMORANDUM

Ludwig, J. August 19th, 2008

This personal injury action arises from an unfortunate incident in which plaintiff, Joseph Elassaad, was injured when he fell while disembarking from a commercial airplane. "[T]he sole liability issue [at this point] is whether defendant negligently failed to assist plaintiff in disembarking the airplane, including, without limitations, making available all appropriate safety measures and devices." October 31, 2005 order granting partial summary judgment to defendant. Defendant Independence Air, Inc. now moves for summary judgment on the remaining issue, and that motion will be granted.[1]

---

[1] "'Under Federal Rule of Civil Procedure 56(c), th[e] test is whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law. In so deciding, a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in the party's favor. A court should find for the moving party if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party opposing summary judgment may not rest upon the mere allegations or denials of the pleadings; its response, by affidavits or as otherwise provided in this title, must set forth specific facts showing that there is a genuine issue for trial.'" Sovereign Bank v. B.J.'s Wholesale Club, Inc., – F.3d –, – (3d Cir. 2008), 2008 WL 2745939, at *8, quoting Saldana v. K-Mart Corp., 260 F.3d 229, 231-31 (3d Cir. 2001).

The undisputed facts[2] are as follows: On February 9, 2004, while disembarking Delta flight 6188 in Philadelphia, plaintiff fell down the airplane's stairway. At the time, plaintiff had an above-the-knee amputation of his right leg and relied on two crutches to walk. Complaint, 4, 8, 10. He did not use a wheelchair. Notes of Testimony of Deposition of Joseph Elassaad, 52, 114. Plaintiff did not ask for and was not offered assistance in deplaning. Elassaad N.T. 49, 57-60, 75-6, 80, 95. An injury to his right shoulder required surgical intervention. Complaint, ¶ 13.

"Federal law establishes the applicable standards of care in the field of air safety, generally, thus preempting the entire field from state and territorial regulation. Abdullah v. American Airlines, Inc., 181 F.3d 363, 367 (3d Cir. 1999). "Because the legislative history of the FAA and its judicial interpretation indicate that Congress's intent was to federally regulate aviation safety, we find that *any* state or territorial standards of care relating to aviation safety are federally preempted." Id. at 371 (italics in original). "In a case [ ] where there is no specific provision or regulation governing air safety, § 91.13(a)[3] provides a general description of the standard required for the safe operation of an aircraft." Id.

Defendant asserts that the standard of care in this case is to be found in 14 C.F.R. §§

---

[2] The summary judgment record consists of pleadings, deposition testimony, answers to interrogatories, and documents produced in the course of discovery by both parties.

[3] 14 C.F.R. § 91.13(a) governs "Careless or Reckless Operation" and provides: "No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another."

382.39 and 382.7.[4] Federal law, it urges, required it to provide plaintiff with assistance only (1) if he requested it, or (2) if one of the flight crew offered assistance and the offer was accepted by plaintiff. Plaintiff's deposition testimony is that he did not request assistance[5] and that none was offered before he fell.[6] Therefore, as a matter of law, defendant did not violate the standard of care by not providing plaintiff with assistance or offering it while he was deplaning.[7]

Plaintiff also testified that he would have accepted an offer of assistance if he had been informed that a ramp and wheelchair were available to take him off the airplane, suggesting that defendant was negligent in not furnishing him with this information. However, it is undisputed that plaintiff does not use a wheelchair. Defendant's position is

---

[4] Section 382.39, in relevant part: "Carriers shall provide assistance requested by or on behalf of qualified individuals with a disability, or offered by air carrier personnel and accepted by qualified individuals with a disability, in enplaning and deplaning."

Section 382.7(a)(2), in relevant part: "A carrier shall not, directly or through contractual, licensing, or other arrangements: . . . (2) [r]equire a[n] individual with a disability to accept special services (including but not limited to, preboarding) not requested by the passenger."

[5] Elassaad N.T. 75-76:

Q: Did you ask anyone for assistance?
A: No.

[6] Elassaad N.T. 80.

[7] Adiutory v. Sky Harbor Int'l Airport, 880 F. Supp. 696, 701 and 703 (D. Ariz. 1995), aff'd without opinion, 103 F.3d 137 (9th Cir. 1996) ("The regulations implementing the ACAA, when read as a whole, do not force air carriers to provide unrequested assistance to handicapped individuals," and "The plaintiff's failure to affirmatively communicate that he wanted or needed assistance in connection with the shuttle bus is sufficient to defeat his ACAA [Air Carrier Access Act of 1986, 49 U.S.C. § 41705] claim."

that federal law does not require a carrier to supply this information to a passenger who does not use a wheelchair.[8] Here, again, as a matter of law, defendant did not violate the applicable standard of care by not providing plaintiff with this information. While there appears to be no authority on this issue, we hold that defendant's view is correct.

Plaintiff maintains that the standard of care proffered by defendant is too narrow, and that the more general "careless or reckless" standard set forth in 14 C.F.R. § 91.13(a) governs.[9] However, as Abdullah noted, that section provides a general description of the applicable standard only when no specific provision provides one. 181 F.3d at 371; Allen v. American Airlines, Inc., 301 F.Supp.2d 370, 375 (E.D. Pa. 2003) ("[u]nder Third Circuit case law, such reliance and reference to this overall requirement of careful operation is appropriate when no precise regulation exists.") That is not the case here. Even if it were, plaintiff has not established an alternate standard of care or its breach - he has not pointed to caselaw or expert testimony to establish that the failure of defendant to offer assistance to

---

[8] 14 C.F.R. §382.45(a)(2): "The carrier shall provide this information to any passenger who states that he or she uses a wheelchair for boarding, even if the passenger does not explicitly request the information."

[9] In this regard, plaintiff also posits that the provisions relied upon by defendant are anti-discrimination regulations, not safety regulations, and do not delineate an appropriate standard of care. However, legislative history clearly establishes that enactment of the Air Carrier Access Act, 49 U.S.C. § 1374(c), under which section 382 was promulgated, "mandates that carriers not discriminate in providing air transportation. The statute also requires that DOT's rules be consistent with the safe carriage of all passengers. As a statutory matter, DOT is required to achieve both objectives." 55 Fed. Reg. 8008. The regulations promulgated under the Act, including § 382, implicate safety as well as non-discrimination and, as such constitute "relevant federal regulations" under Abdullah capable of defining the applicable standard of care in this case.

plaintiff constituted careless or reckless conduct.[10]

Accordingly, based on the undisputed facts, defendant is entitled to summary judgment.

BY THE COURT:

_/s/ Ludwig_
Edmund V. Ludwig, J.

---

[10] Allen, 301 F.Supp.2d at 376-77 (awarding summary judgment to defendant airline where plaintiff established that § 91.13(a) supplied applicable standard of care, but failed to establish through caselaw that conduct complained of "equate[d] or even approach[ed] the grave, highly endangering actions previously found to have breached § 91.13(a)."). Abdullah, 181 F.3d at 372 ("Thus, in determining the standard of care in an aviation negligence action, a court must refer not only to the specific regulations but also to the overall concept that aircraft may not be operated in a careless or reckless manner. . . . When a jury is determining what constitutes careless or reckless operation of an aircraft, expert testimony on various aspects of aircraft safety may be helpful to the jury.")

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH ELASSAAD : CIVIL ACTION
:
v. :
: No. 05-2328
INDEPENDENCE AIR, INC., et al. :

## ORDER

AND NOW, this 19th day of August, 2008, the "Motion for Summary Judgment" (docket no. 35) filed by defendant Independence Air, Inc. is granted. Judgment is entered in favor of defendant and against plaintiff. A memorandum accompanies this order.

BY THE COURT:

_____
Edmund V. Ludwig, J.